# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Christopher Chorba
Direct: +1 213.229.7396
Fax: +1 213.229.6396
CChorba@gibsondunn.com

March 1, 2023

<u>VIA ECF</u>

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303

Re:   *Andrez Marquez v. Amazon.com, Inc.*, No. 21-14317-CC
       Plaintiffs-Appellants' Citation of Supplemental Authorities

Dear Mr. Smith:

  Appellants contend that the unpublished federal decision *Horwitz v. University of Washington*, 2023 WL 1466542 (W.D. Wash. Feb. 2, 2023), supports their position that "the duty of good faith and fair dealing constrained" Amazon's ability to modify Prime membership benefits.  But the contractual language in *Horwitz* is distinguishable from the Amazon contracts at issue, and here, Plaintiffs did not state a claim for breach of the duty of good faith and fair dealing under Washington law.

  The employees in *Horwitz* alleged that the University of Washington ("UW") breached its retirement plan agreement by reducing its matching contributions and failing to advise employees about the reductions.  *Id.* at *1.  The agreement provided that for any "'reduction … under this Plan, UW will advise the affected Participant.'"  *Id.* at *3.  It also provided that "'UW will make a matching contribut[ion] on equal to each Participant contribution.'"  *Id*.  In other words, the agreement imposed *affirmative* duties on UW regarding the amount of its matching contributions and its duty to advise plan participants.  The court rejected UW's argument that because the contract gave it "'sole discretion' to determine the manner in which excess contributions will be handled," this "eliminate[d] any contractual duty concerning the handling of excess contributions."  *Id*.  Instead, "UW maintained a contractual duty to use good faith in its handling of participants' excess contributions," and UW owed a "contractual duty to advise plan participants."

  Here, unlike in *Horwitz*, the parties' agreements do not impose any affirmative duty on Amazon to guarantee certain delivery times; in fact, they expressly *disclaim* any shipping-time guarantee.  Appellee's Br. 36–37.  Because "there is no contractual duty, there is nothing that must be performed in good faith."  *Rekhter v. State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1041 (Wash. 2014).  Further, while the plaintiffs in *Horwitz* alleged they suffered "loss of certain matching contributions" (2023 WL 1466542 at *1), Plaintiffs do not allege any injury, which is a necessary element of their claim.  Appellee's Br. 37–38.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

March 1, 2023
Page 2

Sincerely,

/s/ *Christopher Chorba*

Christopher Chorba
GIBSON, DUNN & CRUTCHER LLP
*Counsel for Defendant-Appellee Amazon.com, Inc.*

cc:     All counsel of record (via ECF)